RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
ALEXANDRIA, LOUISIANA
DATE 7/8/08
BY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| DAYSHAWN BROWN, #462441 | DOCKET NO. 08-CV-0808; SEC. P |
| VERSUS | JUDGE DRELL |
| DR. ALFONSO PACHECO, ET AL. | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

Before the court is the pro se civil rights complaint (42 U.S.C. §1983) of Plaintiff Dayshawn Brown, filed on June 4, 2008. Petitioner is an inmate in the custody of the Louisiana Department of Public Safety and Corrections, and he is incarcerated at the Winn Correctional Center ("WCC") in Winnfield, Louisiana. Plaintiff complains about the medical treatment he received at WCC.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

## STATEMENT OF THE CASE

Plaintiff alleges that Dr. Alfonso Pacheco committed medical malpractice and violated Plaintiff's civil rights. According to documents submitted by Plaintiff, Dr. Pacheco tried unsuccessfully to remove a cyst from Plaintiff's forehead on March 19, 2008. Plaintiff was then referred to the LSU surgery clinic, where he was examined on April 3, 2008. Plaintiff underwent surgery at LSU on or about April 15, 2008, for the removal of the cyst. [Doc. #1, p.5]

Plaintiff alleges that Dr. Pacheco failed to prescribe him antibiotics. He also claims that even after the procedures by Dr. Pacheco and LSU, the cyst is still in his forehead, keeping Plaintiff in severe pain and causing the loss of functioning to the left side of his face.

Plaintiff alleges that Dr. Pacheco was terminated from the Avoyelles Correctional Center due to medical malpractice and that Dr. Pacheco has no medical license. Thus, Plaintiff alleges that Warden Wilkinson is liable for the acts/omissions of his employee, Dr. Pacheco, and is liable for failing to properly train, instruct, and supervise Dr. Pacheco. [Doc. #1, p.6]

## LAW AND ANALYSIS

The constitutional standards that apply to convicted prisoners in the United States are well developed. Convicted prisoners are protected by the Eighth Amendment to the United States Constitution, made applicable to the states by the Fourteenth Amendment, which prohibits the infliction of "cruel and unusual punishments" on convicted prisoners. To establish a violation of the Eighth Amendment, a prisoner must show both (1) a deprivation of a basic human need, Helling v. McKinney, 509 U.S. 25, 31-32 (1993), and (2) deliberate indifference, Wilson v. Seiter, 501 U.S. 294, 303 (1991). In the context of medical care, a prisoner must demonstrate "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104 (1976).

I. MEDICAL CARE

Plaintiff claims that Dr. Pacheco committed medical malpractice in attempting to remove a cyst from Plaintiff's forehead. Although inadequate medical treatment may, at a certain point, rise to the level of a constitutional violation, malpractice or negligent care does not. See Stewart v. Murphy[1], 174 F.3d 530 (5th Cir. 1993), citing Mendoza v. Lynaugh, 989 F.2d 191, 193 (5th Cir. 1993) ("It is clear that negligent medical treatment is not a cognizable basis upon which to predicate a section 1983 action"); Williams v. Treen, 671 F.2d 892, 901 (5th Cir.1982) ("mere negligence in giving or failing to supply medical treatment would not support an action under Section 1983" (emphasis added)); see also Jackson v. Cain, 864 F.2d 1235, 1246 (5th Cir. 1989). "Deliberate indifference encompasses only the unnecessary and wanton infliction of pain repugnant to the conscience of mankind." McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997).

In the instant matter, Plaintiff cannot show that Dr. Pacheco knew of and disregarded an excessive risk to Plaintiff's health or safety. Dr. Pacheco attempted to treat Plaintiff, albeit

---

[1] In Stewart v. Murphy, 174 F.3d 530 (5th Cir. 1999), the prisoner suffered from a variety of ailments prior to his incarceration, including incontinence and mobility problems. He developed decubitus ulcers that became infected and ultimately caused his death. One doctor who examined the inmate testified that he "had the worst bedsores she had ever seen." Id. at 536. There was also evidence that the prison doctor did not read the nurse's notes, the nurses did not always follow the doctor's orders, and the doctor failed to prescribe antibiotics. Id. at 535. Nevertheless, the Court held that this conduct "Is [not] sufficient to raise a material fact issue for deliberate indifference." Id. at 537.

3

unsuccessfully, by trying to remove the cyst on Plaintiff's forehead. After he was unable to remove the cyst successfully, Dr. Pacheco referred Plaintiff to an LSU hospital where Plaintiff was examined on April 3, 2008, just fifteen days after the procedure by Dr. Pacheco. Less than two weeks later, on or about April 15, 2008, Plaintiff underwent a procedure at LSU to remove the cyst. Based on the facts alleged by Plaintiff, it appears that Dr. Pacheco did not deny Plaintiff medical treatment or disregard any risk to Plaintiff's health. Rather, Pacheco did provide medical treatment to Plaintiff personally, and then sent Plaintiff on to LSU for evaluation and treatment. Unsuccessful treatment is insufficient to establish deliberate indifference. See Domino v. Texas Dept. of Criminal Justice, 239 F.3d 752, 756 (5th Cir.2001). To the extent Plaintiff complains about a failure to prescribe antibiotics, this amounts to a disagreement regarding medical care, which does not state a claim for deliberate indifference to serious medical needs under the Eighth Amendment. See Gobert v. Caldwell, 463 F.3d 339, 347 (5th Cir. 2006); Stewart, 174 F.3d at 535; Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985).

Additionally, Plaintiff complains about his surgical scar and alleges that the cyst is growing back. To the extent that Plaintiff argues that the scar and recurrence of the cyst are the result of Dr. Pacheco's unsuccessful treatment, Plaintiff's

allegation is entirely conclusory. A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. See Schultea v. Wood, 47 F.3d 1427, 1433 (5th Cir. 1995).

II. SUPERVISORY OFFICIALS

Plaintiff also names as defendants Warden Wilkinson, Winn Correctional Center, and Corrections Corporation of America, as employers of Dr. Pacheco. Even if Plaintiff could state a claim against Dr. Pacheco, the claims against the other defendants would fail. It is well settled that supervisory officials may not be held liable under §1983 based on the doctrine of respondeat superior. See Mouille v. City of Live Oak, 977 F.2d 924 (5th Cir. 1992), cert. denied, 508 U.S. 951 (1993); Jennings v. Joshua Independent School District, 877 F.2d 313 (5th Cir. 1989), cert. denied, 496 U.S. 935 (1990). To be liable under § 1983, a supervisory official must be personally involved in the act causing the alleged constitutional deprivation, or must have implemented a policy so deficient that the policy itself acts as a deprivation of constitutional rights. Id. Plaintiff fails to state a claim against the defendants under the applicable standard. Plaintiff has not alleged any personal involvement by the Warden, or any medical policy so deficient that the policy itself acts as a deprivation of constitutional rights.

Moreover, the failure to supervise or train does not rise to a constitutional violation. As discussed above, it is well established that negligence is not actionable under §1983. See Daniels v. Williams, 474 U.S. 327, 328 (1986); see also Marsh v. Jones, 53 F.3d 707, 712 (5th Cir. 1995).

## CONCLUSION

For the foregoing reasons, Plaintiff's claims are frivolous and fail to state a claim for which relief can be granted. Therefore, **IT IS RECOMMENDED** that Plaintiff's civil rights action be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §1915(e)(2)(B).

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglas v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers at Alexandria, Louisiana, this 8th day of July, 2008.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE